| | |
|---|---|
| BILLY WAYNE GREEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:23-CV-00056-KAC-JEM ) |
| CNH INDUSTRIAL AMERICA LLC, | ) Removed from Blount County Circuit ) Court, Case No. L-21123 |
| Defendant. | ) ) |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant CNH Industrial America LLC ("CNH")[1], by and through its undersigned counsel, hereby states as follows for its Answer to the Complaint asserted by Plaintiff Billy Wayne Green ("Plaintiff"):

### PARTIES

1. CNH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and, therefore, denies the same.

2. CNH admits the allegations in Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. The allegations contained in Paragraph 3 of the Complaint call for conclusions of law to which no response is necessary or appropriate. To the extent a response is required, CNH denies the allegations contained in Paragraph 3.

---

[1] CNH Industrial America LLC was improperly named in the Complaint as New Holland North America, Inc.

4.     The allegations contained in Paragraph 4 of the Complaint call for conclusions of law to which no response is necessary or appropriate. To the extent a response is required, CNH denies the allegations contained in Paragraph 4.

5.     The allegations contained in Paragraph 5 of the Complaint call for conclusions of law to which no response is necessary or appropriate. To the extent a response is required, CNH denies the allegations contained in Paragraph 5.

## FACTS

6.     CNH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and, therefore, denies the same.

7.     CNH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and, therefore, denies the same.

8.     CNH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and, therefore, denies the same.

9.     In response to the allegations contained in Paragraph 9 of the Complaint, CNH admits that a New Limited Warranty does apply to certain equipment, subject to limitations stated therein.  CNH lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint, and, therefore, denies the same.

10.     CNH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and, therefore, denies the same.

11.     CNH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and, therefore, denies the same.

12.     CNH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and, therefore, denies the same.

13. CNH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and, therefore, denies the same. Moreover, the allegations in Paragraph 13 call for conclusions of law to which no response is necessary or appropriate. To the extent a response is required, CNH denies the allegations contained in Paragraph 13.

14. CNH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and, therefore, denies the same.

15. CNH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and, therefore, denies the same.

16. The allegations in Paragraph 16 call for conclusions of law to which no response is necessary or appropriate. To the extent a response is required, CNH denies the allegations contained in Paragraph 16.

17. To the extent the allegations in Paragraph 16 of the Complaint call for conclusions of law to which no response nor appropriate, CNH denies such allegations. Moreover, CNH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and, therefore, denies the same.

## CAUSES OF ACTION

### Count I: Breach of Warranty/Tennessee Lemon Law

18. In response to Paragraph 18 of the Complaint, CNH incorporates by reference all preceding paragraphs as if fully stated herein.

19. To the extent that the allegations contained in Paragraph 19 of the Complaint call for conclusions of law, to which no response is necessary or required, CNH denies such allegations.

CNH lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint, and therefore, denies the same.

20. CNH denies the allegations contained in Paragraph 20 of the Complaint.

21. CNH denies the allegations contained in Paragraph 21 of the Complaint.

**Count II: Violation of the Tennessee Consumer Protection Act**

22. In response to Paragraph 22 of the Complaint, CNH incorporates by reference all preceding paragraphs as if fully stated herein.

23. CNH denies the allegations contained in Paragraph 23 of the Complaint.

24. CNH denies the allegations contained in Paragraph 24 of the Complaint.

25. CNH denies the allegations contained in Paragraph 25 of the Complaint.

26. CNH denies the allegations contained in Paragraph 26 of the Complaint.

**PRAYER FOR RELIEF**

27. CNH denies the allegations contained in Plaintiff's Prayer for Relief and denies that Plaintiff is entitled to any relief, at law or in equity.

28. CNH denies all allegations not specifically admitted herein, including allegations, if any, contained in the introduction, captions and prayer for relief in the Complaint, and denies that Plaintiff is entitled to any of the relief requested and/or to any relief whatsoever.

29. No defense in this Answer shall be deemed an affirmative defense unless failure to assert the defense shall result in a waiver thereof.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. CNH raises and asserts all affirmative defenses available under Tennessee Code Annotated § 47-18-3103.

3. CNH raises and asserts all equitable defenses it may have, including the doctrine of unclean hands, waiver, estoppel, laches, and other equitable doctrines.

4. CNH reserves the right to file further pleadings and assert other defenses in this action as the evidence develops.

**WHEREFORE**, Defendant CNH Industrial America LLC hereby respectfully demands:

A. Dismissal of Plaintiff's Complaint in its entirety and with prejudice;

B. Recovery of all costs and attorneys' fees that are incurred in defense of this action to the extent they are appropriate and legally permissible; and

C. Any and all other relief to which it is legally and properly entitled.

Respectfully submitted,

FROST BROWN TODD LLP

*/s/ Jeremey R. Goolsby*
Jeremey R. Goolsby, No. 034505
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
615-251-5580 Telephone
615-251-5551 Facsimile
jgoolsby@fbtlaw.com

*Attorneys for CNH Industrial America LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2023, a true and correct copy of the foregoing was served electronically as a registered user of the court's e-filing system in accordance with Rule 5.02 upon the following:

Mark E. Brown
MENEFFEE & BROWN, P.C.
9724 Kingston Pike, Ste. 505
Knoxville, TN 37922
Tel. (865) 357-9800
Fax. (865) 357-9810
mbrown@menefeebrown.com

*Counsel for Billy Wayne Green*

*/s/ Jeremey R. Goolsby*
*Counsel for CNH Industrial America LLC*

LR06631.0765947  4893-7127-4832